# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| GEOFFREY MOSTOLLER | : | |
| --- | --- | --- |
| Plaintiff, | : | Case No. 2:06-cv-668 |
| v. | : | JUDGE MARBLEY |
| GENERAL ELECTRIC CO., | : | Magistrate Judge Kemp |
| Defendant. | : | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on Plaintiff Geoffrey Mostoller's Motion to Vacate Stay. Mostoller urges the Court to vacate the stay that was imposed pending the parties' participation in an arbitration program required by the contract between Mostoller and Defendant General Electric Co. ("GE") because: (1) there has been unnecessary delay in the arbitration process; and (2) Mostoller uncovered caselaw indicating that a non-binding dispute resolution procedure does not constitute "arbitration," and therefore he cannot be compelled to participate in it. For the reasons discussed below, Mostoller's Motion to Vacate Stay is **DENIED**.

### II. BACKGROUND

On August 4, 2006, Mostoller filed an employment action against GE. (No. 2.) On October 4, 2006, GE filed a motion to compel non-binding arbitration, pursuant to GE's RESOLVE Dispute Resolution Program ("RESOLVE Program"). (No. 4). The RESOLVE Program mandates that employees submit employment-related disputes to a four-step dispute resolution program that culminates with mandatory non-binding arbitration. Agreement to participate in the RESOLVE Program is a condition of continued employment at the GE plant

where Mostoller worked. Mostoller failed to submit his claims to the RESOLVE Program prior to filing his lawsuit in federal court. GE's Motion to Compel Arbitration asked the Court to compel Mostoller to participate in the RESOLVE Program and to either dismiss the complaint or stay the case pending his participation in that program.

Mostoller initially filed a Response to the Motion to Compel Arbitration (No. 5), in which he expressed concern regarding whether the statutes of limitations on his Family Medical Leave Act ("FMLA") and promissory estoppel/breach of contract claims would be tolled during his participation in the RESOLVE Program.

On November 6, 2006, the parties stipulated to a stay of the case pending participation in the RESOLVE Program, and agreed that the statute of limitations on his FMLA and promissory estoppel/breach of contract claims would be tolled during his participation. (No. 6). The Court entered an Agreed Order Staying Case on February 16, 2007. (No. 7).

Around November 20, 2006, GE's counsel attempted to contact Mostoller's counsel to arrange the commencement of Mostoller's participation in the RESOLVE Program. About a week later, GE's counsel again attempted to contact Mostoller's counsel. GE did not receive a response from Mostoller's counsel until January 31, 2007, at which point GE was in the process of replacing its in-house counsel. GE therefore informed Mostoller that the RESOLVE Program process would be delayed until the conclusion of that transition. In late March, 2007, GE's new in-house counsel was assigned to the case, and GE began assembling a list of proposed mediators for Mostoller's case.

Before GE could communicate the list of proposed mediators to Mostoller, Mostoller filed the instant Motion to Vacate Stay.

### III. ANALYSIS

Mostoller proposes two bases on which this Court should vacate the stay: (1) the five-month delay between the parties' Stipulation and the time this Motion was filed; and (2) caselaw Mostoller failed to cite in his Response to the Motion to Compel Arbitration, but that he now claims prohibits the Court from compelling him to participation in the non-binding dispute resolution process known as the RESOLVE Program.  Mostoller's arguments will be addressed in turn.

### 1. Unreasonable Delay

Mostoller contends that the five-month delay between the stipulation to arbitration and the filing of this motion requires this Court to vacate the stay based upon unreasonable delay.  However, over the course of the first seven weeks following the stipulation, counsel for GE attempted on multiple occasions to contact Mostoller's counsel regarding commencement of the RESOLVE Program.  In addition, GE was forthright with Mostoller in explaining the reason for its contribution to the delay – it was in the process of replacing its in-house counsel when Mostoller's attorney first made contact in response to GE's multiple attempts to discuss the RESOLVE Program.  GE began assembling a list of mediators to propose to Mostoller upon replacement of its general counsel.  Before GE could share the list with Mostoller, this motion was filed.

Within five months of the initial stipulation to arbitrate, GE had a list of potential mediators prepared.  In addition,  Mostoller has alleged no prejudice resulting from the five-month delay.  *Cf. Gulf Central Pipeline Co. v. Motor Vessel Lake Placid*, 315 F.Supp. 974, 976-77 (5th Cir. 1970) (denying motion to stay pending arbitration because defendant delayed eleven months in seeking arbitration and there would be significant prejudice to plaintiffs in granting the stay).  The delay is therefore not a valid reason for the current stay to be vacated.

## 2. Non-Binding Dispute Resolution Program

Mostoller alternatively contends that he cannot be compelled to arbitrate under the RESOLVE Program because the program is non-binding and therefore does not qualify as "arbitration." Mostoller provides a string of newly discovered[1] citations to Ohio state court decisions supporting this contention.

GE argues that Mostoller should be procedurally barred from raising this claim because he did not mention it in his response to the Motion to Compel Arbitration. The Sixth Circuit has held that where a plaintiff stipulates to dismissal of certain claims with prejudice, she is forbidden from later attempting to amend her complaint to include the dismissed claims, even where she has discovered new evidence to support her claims. *Baker v. City of Detroit*, 217 Fed.Appx. 491, 497 (6th Cir. 2007) ("[T]he district court did not abuse its discretion in requiring that the plaintiff . . . abide by the very conditions to which she agreed.").

Even assuming, for purposes of argument, that Mostoller is not procedurally barred from raising this issue in his Motion to Vacate, he cannot prevail on the claim. The authority Mostoller provides to support his proposition consists of a string of Ohio state court cases, including *Miller v. Gunckle*, 96 Ohio St.3d 359 (2002) and *Schaefer v. Allstate Ins. Co.*, 63 Ohio St.3d 708 (1992). While these cases do indicate that Ohio policy requires that any dispute resolution procedure to be considered "arbitration" must be binding, the arbitration agreement at issue in this case explicitly states that it is governed by the Federal Arbitration Act ("FAA"). The agreement acknowledges that GE is engaged in transactions involving interstate commerce, and that the RESOLVE Program is only available to those employees who are not exempt from

---

[1]Mostoller contends that he "discovered" these cases after he stipulated to arbitrate. However, each of the cases was decided before the stipulation was made and was therefore available to Mostoller before the stipulation.

FAA.[2] As a result, whatever the public policy governing arbitration clauses in Ohio may be, it is preempted by the FAA. *See Red River Oaks, Inc. v. Rohrback Cosasco Sys., Inc.*, No. 05CV1104, 2006 WL 753105 at *7 (N.D. Ohio Mar. 22, 2006) ("[T]he Court is satisfied that the claims involve commerce and therefore, invoke the preemption of the FAA over state law."). The FAA does not require that a dispute resolution procedure be binding in order to be considered "arbitration" for purposes of a motion to compel arbitration. *See Spierer v. Federated Dep't Stores, Inc.*, 328 F.3d 829, 831 (6th Cir. 2003) ("[A]n arbitration agreement can call for binding or non-binding arbitration.").

The arbitration agreement Mostoller signed is therefore enforceable, and he can be compelled to arbitrate pursuant to the agreement.

### III. CONCLUSION

For the foregoing reasons, Mostoller's Motion to Vacate Stay is **DENIED**. The parties are ordered to resume the RESOLVE Program arbitration process, pursuant to the Agreed Order Staying Case (No. 7).

**IT IS SO ORDERED.**

    /s Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: November 17, 2009**

---

[2] The FAA explicitly does not apply to "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. The United States Supreme Court has held that the FAA applies to virtually all contracts other than transportation worker employment contracts. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001).